# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PAMELA BECKER,** *et al.,*

    **Plaintiffs,**

    v.

**ATMA RAI SINGH,** *et al.*,

    **Defendants.**

**Case No. 2:20-cv-220**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

The matter before the Court is Defendants Atma Rai Singh's and Davinder Singh's (collectively "Defendants") Motion for Partial Judgment on the Pleadings and to Dismiss (ECF No. 17). Plaintiffs Pamela Becker and David Becker (collectively "Plaintiffs") have responded (ECF No. 19) and Defendants have replied (ECF No. 20). For the reasons stated herein, the motion (ECF No. 17) is **DENIED as moot in part** and **DENIED in part.**

## I.

This case arises out of an alleged traffic collision on September 25, 2017. (Compl. ¶ 5, ECF No. 2.) Plaintiffs allege that on this day Plaintiff Pamela Becker was driving a vehicle, owned by the United States Postal Service, on I-270 North in Columbus, Ohio. (*Id.*) Defendant Atma Rai Singh ("Defendant Rai"), driving in the same location, negligently drove into the rear of a vehicle, forcing it into the rear of the vehicle in front of it, and then forcing both vehicles off to the left of the roadway. (*Id.*) Next, Plaintiffs allege, Defendant Rai struck the vehicle Plaintiff Pamela Becker was operating, causing her injuries to her neck, back, leg, and other parts of her body. (*Id.*)

Plaintiff Pamela Becker, and her husband Plaintiff David Becker, filed a complaint in the Franklin County Court of Common Pleas on August 27, 2019. (*See* Notice Removal, ECF No. 1.)

Plaintiff Pamela Becker sued Defendant Rai for negligently causing her injuries, and Defendant Davinder Singh ("Defendant Singh") for vicarious liability and negligent entrustment. (*See id.*) Plaintiff David Becker sued Defendant Rai for loss of consortium. (*See id.*) Finally, Plaintiffs sued five john doe corporations, business entities, and individuals for direct and vicarious liability. (*See id.*) Defendants removed the case to this Court on January 14, 2020. (*See id.*)

## II.

Defendants filed a motion for partial judgment on the pleadings as to count two of the Complaint, alleging Defendant Singh negligently entrusted a vehicle to Defendant Rai, which directly and proximately injured Plaintiff Pamela Becker. (Defs.' Mot. Partial J. Pleadings and Dismiss at 3–6, ECF No. 17, hereinafter "Defs.' Mot.") After Defendants filed this motion, Plaintiffs and Defendants entered into a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) agreeing to dismiss all claims against Defendant Singh for negligent entrustment and vicarious liability and Defendant Singh was terminated from the lawsuit. (ECF No. 18.) Thus, the motion for partial judgment on the pleadings is **DENIED as moot**.

## III.

In addition to asking for partial judgment on the pleadings, Defendant Rai asks the Court to dismiss the remaining claims against him under Federal Rule of Civil Procedure 12(b)(5). (*See* Defs.' Mot. at 6–8.) Defendant Rai argues the case should be dismissed because service was not proper. (*See id.*) Plaintiffs admit they failed to perfect service but ask the Court to use its discretion to extend the time for service. (*See* Pls.' Resp. at 3, ECF No. 19.)

Federal Rule of Civil Procedure 4 sets out federal courts' requirements for summons and service of process. If a plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rule 12(b)(5). *Greene v. Venatter*, No. 2:13-cv-345, 2014 U.S. Dist.

LEXIS 17132, at *4 (S.D. Ohio Feb. 11, 2014). Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The first clause of Rule 4(m) provides that when a plaintiff has failed to serve a defendant within the 90 days the court can either (1) dismiss a complaint without prejudice *or* (2) direct that service be made within a specified time. *Green*, 2014 U.S. Dist. LEXIS 17132 at *5; *Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093, 1095 (S.D. Ohio 2003). The second clause of Rule (m) provides that a district court *shall* extend time for service if a plaintiff demonstrated good cause for failing to comply with the 90-day requirement. *Id.*; *Davidson*, 285 F. Supp. 2d at 1095. "A plain reading of these two clauses shows the district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause." *Id.* at *6; *Davidson*, 285 F. Supp. 2d at 1095. This discretion is removed if a plaintiff shows good cause for their failure to comply. *Id.*; *Davidson*, 285 F. Supp. 2d at 1095. Supreme Court caselaw supports this reading of Rule 4(m). *See Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (noting, in dicta, that courts may discretionarily enlarge the time for service even without good cause).

Defendant Rai, citing *Nafziger v. McDermott International Incorporated*, 467 F.3d 514 (6th Cir. 2006), argues that where a plaintiff fails to show good cause a district court *must* dismiss the action without prejudice. (Defs.' Reply at 2, ECF No. 20.) *Nafziger* does state, "[d]ismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the [90]-day

3

deadline."[1] *Id.* at 521 (citing FED. R. CIV. P. 4(m)). It appears, however, as other district courts in the Sixth Circuit have noted, that in *Nafziger*, the Sixth Circuit did not consider the district court's discretion to extend the deadline in the absence of a showing of good cause. *See John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09-CV-862-H, 2010 U.S. Dist. LEXIS 82232, at *3–4 (W.D. Ky Aug. 12, 2010); *Caimona v. Ohio Civil Serv. Emps. Assoc.*, No. 4:18CV785, 2018 U.S Dist. LEXIS 206184, at *13–4 n.8 (N.D. Ohio Dec. 6, 2018); *Tanksley v. TVA*, No. 1:16-CV-487, 2017 U.S. Dist. LEXIS 205453, at *20 n.4 (E.D. Tenn. Dec. 14, 2017). Instead, the Sixth Circuit considered whether the district court abused its discretion in finding no good cause. *See Nafziger*, 467 F.3d at 521. Thus, *Nafziger* is not directly relevant.[2]

Thus, this Court finds that it has discretion, even in the absence of a good cause showing, to extend the 90-day deadline for service of process. *John W. Stone*, 2010 U.S. Dist. LEXIS 82232 at *4 (finding the court has discretion to expand the Rule 4(m) deadline); *Caimona*, 2018 U.S Dist. LEXIS 206184 at *12 ("Even without good cause, a district court may exercise its discretion to enlarge the time by which service can be perfected."); *Tanksley*, 2017 U.S. Dist. LEXIS 205453 at *18 ("Although Rule 4(m) does not mandate an extension of time in this case, courts in the Sixth Circuit now widely recognize that a district court holds discretion to either permit late service despite a lack of good cause or to dismiss the action without prejudice."); *In re Ohio Execution*

---

[1] Prior to 2015 the statute allowed for 120 days. *See* FED. R. CIV. P. 4(m) advisory committee's note to 2015 amendment.

[2] Defendants also rely on this Court's order in *In re Ohio Execution Protocol Litigation*, 370 F. Supp. 3d 812 (S.D. Ohio 2019), which adopted a Magistrate Judge's Report and Recommendation to dismiss the case against several defendants whom had not been served within the Rule 4(m) time limit. Defendant Rai correctly notes that this Court relied on *Nafziger*'s statement regarding the necessity of dismissal when there is no finding of good cause. *Id.* at 816. This statement, however, was relied on within the Court's discussion of whether the Magistrate Judge was correct in concluding the plaintiffs had not shown good cause for the delay. *See id.* Later in the opinion, this Court went on to evaluate whether, despite the plaintiff's lack of good cause, an extension of time was still warranted because "[e]ven in the absence of a showing of good cause, a district court has discretion to either dismiss without prejudice or extend the time for effectuating service." *Id.* at 820–21 (citing *Henderson*, 517 U.S. at 662–63). Thus, *In re Ohio Execution Protocol Litigation* does not support Defendant Rai's argument that the Court has no discretion to extend the time for service in the absence of a showing of good cause.

4

*Protocol Litig.*, 370 F. Supp. 3d 812, 820–21 (S.D. Ohio 2019) ("Even in the absence of a showing of good cause, a district court has discretion to either dismiss without prejudice or extend the time for effectuating service.").

The Court begins with the question of whether Plaintiffs have shown good cause for their failure to properly effectuate service of Defendant Rai. Plaintiffs contend that their "counsel made the clerical mistake of attempting service at 2141 Medani Court, not 21415 Medani Court. The absence of one digit in the address is the reason service failed." (Pls.' Resp. at 4.) The Court agrees with Defendant Rai that Plaintiffs have failed to show good cause, especially in light of the fact that Plaintiffs were notified that service failed and attempted no further service. *See Friedman v. Estate of Presse*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve the defendant within the statutory period does not constitute good cause.").

Having found no showing of good cause, the Court must move on to determine whether it should use its discretion to provide Plaintiffs further time to serve Defendant Rai. This Court has previously balanced the following five factors to determine whether to exercise this discretion:

> (1) the length of the additional time required to effect service; (2) any prejudice to the defendant from the delay in service; (3) whether the defendant had actual notice of the suit; (4) whether dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff made a good faith effort to effect service within the prescribed time.

*In re Ohio Execution Protocol Litigation*, 370 F. Supp. 3d at 821; *see also Kirk v. Muskingham County Ohio*, No. 2:09-cv-583, 2011 U.S. Dist. LEXIS 42276, at *16 (S.D. Ohio Apr. 19, 2011) (applying the same factors).

The Court finds the factors weigh in favor of providing Plaintiffs additional time to serve Defendant Rai. First, the length of additional time required would likely be very short as Plaintiffs have the correct address. Second, Defendant Rai has shown no prejudice, other than the inherent

5

prejudice of having to defend this suit.  Third, Defendant Rai had actual notice of this suit since at least September 20th, 2019, when counsel entered an appearance for Defendant Rai.  Fourth, Plaintiff may be prejudiced by a dismissal for it has been over two years since the accident and thus, the statute of limitations may have expired.  Finally, Plaintiffs did make a good-faith effort to serve Defendant Rai and simply made a clerical error.  In sum, all five factors weigh in favor of allowing Plaintiffs more time to serve Defendant Rai.  The Court notes this comports with the Sixth Circuit's preference for deciding cases on their merits.  *See Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003) (noting "cases should be decided on their merits on not merely on technicalities").

Plaintiff may serve the summons and complaint upon Defendant Rai in accordance with Rule 4 within thirty days of the date of this Order.  Plaintiff's failure to do so within the time period will result in the dismissal of the complaint.

### IV.

Defendants' Motion for Partial Judgment on the Pleadings and to Dismiss (ECF No. 17) is **DENIED as moot in part** and **DENIED in part**.  Plaintiffs have 30 days to serve Defendants.

**IT IS SO ORDERED.**

**4/24/2020**                                                    **s/Edmund A. Sargus, Jr.**
**DATED**                                                     **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**